```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF CONNECTICUT
```

Frank Green, Sr.,                :

    Plaintiff,               :

v.                               :        Case No. 3:16-cv-79 (RNC)

United States,                   :

    Defendant.               :

## RULING AND ORDER

Plaintiff Frank Green, Sr., a federal prisoner, has filed a motion pursuant to Federal Rule of Criminal Procedure 41(g) seeking return of property seized pursuant to a state search warrant.  United States v. Green, 3-14-cr-111-RNC-1 (D. Conn. Dec. 7, 2015).  The motion seeks return of eyeglasses, mail, a cellphone and cash.

When a Rule 41(g) motion is filed after the criminal proceeding is completed, it is treated as the initial pleading in a civil equitable action.  See Diaz v. United States, 517 F.3d 608, 610 (2d Cir. 2008).  Accordingly, the motion has been docketed as the initial pleading in the present case.  The Government has filed a memorandum in opposition requesting dismissal of the action.  Plaintiff has filed a reply, which has been docketed in the underlying criminal case.  See United States v. Green, No. 3:14-CR-111(RNC)(ECF 77).  For reasons that follow, the action is dismissed.

I.  Background

The record shows the following.  On October 4, 2013, Stamford police officers executed a search warrant at Mr. Green's residence, where they seized an eyeglass case, three knotted baggies of powder cocaine, a revolver, $121 in cash, a cell phone, photographs, and mail. Green.  Mr. Green was arrested on state firearm and narcotics charges.  At the time of his arrest, he was serving a period of federal supervised release stemming from his 2011 conviction for conspiracy to possess with intent to distribute cocaine.

On May 23, 2014, nolles were entered on the state charges following the return of a federal indictment charging Mr. Green with unlawful possession of a firearm and possession with intent to distribute cocaine.  The Stamford Police Department subsequently transferred the firearm and cocaine to the United States Bureau of Alcohol, Tobacco, Firearms and Explosives to aid the federal prosecution.  On or about June 3, 2014, the Connecticut Superior Court ordered the destruction of the remaining items except the $121 in cash, which was ordered to be forfeited.

On March 24, 2015, Mr. Green pleaded guilty to the felon-in-possession charge and admitted to having violated the terms of his supervised release.  Prior to sentencing, Mr. Green's counsel asked the Government to bring his eyeglasses, photographs and

cell phone to sentencing.  The Government undertook to comply with the request but was unable to produce any of those items because none could be found in the custody of ATF.

II.  Discussion

"Federal Rule of Criminal Procedure 41(g) permits a person aggrieved by the government's unlawful seizure or deprivation of property to move for specific relief: the property's return." Adeleke v. United States, 355 F.3d 144, 149 (2d Cir. 2004).  To prevail on a Rule 41(g) motion, the movant "must demonstrate that (1) he is entitled to lawful possession of the seized property; (2) the property is not contraband; and (3) either the seizure was illegal or the government's need for the property as evidence has ended."  Ferreira v. United States, 354 F. Supp. 2d 406, 409 (S.D.N.Y. 2005).  When property is not available for return to the rightful owner, money damages may not be awarded because such an award is barred by sovereign immunity.  See Kahn v. United States, No. 05-CR-385 (JFK), 2009 WL 2900249, at *1 (S.D.N.Y. Sept 8, 2009).

Here, copies of records of the Connecticut Superior Court, Stamford Police Department and ATF support the Government's submission that the only items of property received by ATF were the firearm and narcotics.  See United States v. Green, No. 3:14CR111(RNC)(ECF 76-1).  There is no evidence, documentary or otherwise, suggesting that any other items were transferred to

ATF.  Plaintiff argues that the Government was negligent in failing to take custody of the other items.  Plaintiff's arguments are insufficient to raise a triable issue whether the items he seeks to have returned are in the Government's possession.  On the record before the Court, there is simply no reason to doubt the Government's submission that ATF never had the items.

III. Conclusion

Accordingly, plaintiff's motion for the return of property is hereby denied and the action is dismissed.  The Clerk may close the file.

```
                                _____/s/ RNC_____
                                Robert N. Chatigny
                                United States District Judge
```